IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:17CR446-B |
| TERENCE CARLYLE SMITH (01) | |

## FACTUAL RESUME

In support of Terence Carlyle Smith's plea of guilty to the offense in Count One of the Indictment, the defendant, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Make False Statements to a Federal Home Loan Bank, the government must prove each of the following elements beyond a reasonable doubt:

*First:*  That the defendant and at least one other person made an agreement to commit the crime of making false statements to a Federal Home Loan Bank;

*Second:*  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose; and

*Third:*  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the

indictment, in order to accomplish some object or purpose of the conspiracy.[1]

The elements of a violation of 18 U.S.C. §1006 are as follows:

*First:* That the defendant was an officer, director, agent, or employee of or connected in some capacity with the Federal Home Loan Bank—Dallas at the time alleged in the Indictment;

*Second:* That the Federal Home Loan Bank—Dallas was a Federal Home Loan Bank;

*Third:* That the defendant made a false entry of a material fact in a travel and expense report of Federal Home Loan Bank—Dallas;

*Fourth:* That the defendant did so knowing it was false; and

*Fifth:* That the defendant did so intending to injure or defraud Federal Home Loan Bank—Dallas.[2]

## STIPULATED FACTS

The United States and the defendant, Terence Carlyle Smith, admit and agree to the following factual basis. That is, Smith admits and agrees that the following facts are true and correct to the best of his knowledge and belief.

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A.
[2] Fed. Crim. Jury Instr. 7th Cir. 1006 (2019 ed.); South Carolina Jury Instr. for 18 U.S.C. § 1006; Fifth Cir. Pattern Instr. 2.46, False Statements in Bank Records 18 U.S.C. § 1005, Pattern Jury Instr. (Crim. Cases) 5th Cir. (2015 ed.); *United States v. Pettigrew*, 77 F.3d 1500 (5th Cir. 1996).

1. The Federal Home Loan Bank of Dallas ("FHLB-D") is a Federal Home Loan Bank pursuant to the Federal Home Loan Bank Act, 12 U.S.C. § 1421 *et seq.* The FHLB-D is located in the Dallas Division of the Northern District of Texas.

2. Between in or about 2000 to September 2013, Terence Carlyle Smith was the President and Chief Executive Officer of FHLB-D. Between in or about 1999 to November 2013, Nancy B. Parker was the Chief Information Officer of FHLB-D. And between in or about 2005 to May 2014, Michael James Sims was the Chief Financial Officer of FHLB-D. Therefore, each of these individuals were an officer, director or employee of the FHLB-D during the time frame charged in the Indictment.

3. Beginning at least in or about January 2008, and continuing through in or about at least January 2013, the defendant submitted "Travel & Entertainment Expense Reports" ("Travel Reports") to FHLB-D that listed travel purposes of attending certain conferences, when in truth and in fact, the defendant did not attend the listed conferences. That is, the defendant admits and agrees he signed and submitted to the FHLB-D travel reports on or about the following dates: January 20, 2009; January 25, 2009; February 23, 2009; March 6, 2009; March 20, 2009; January 15, 2010, January 12, 2011; January 20, 2011; January 24, 2011; February 3, 2012; March 29, 2012; June 4, 2012; August 13, 2012; January 14, 2013; and January 17, 2013, wherein, the defendant claimed his travel purpose was to attend conferences, when in truth and fact the defendant knew he did not attend the conferences. The defendant also admits and agrees that he approved travel vouchers signed and submitted by Nancy B. Parker for the following dates: January 27, 2009; April 6, 2009; February 5, 2010; February 4, 2011;

February 6, 2012; May 10, 2012; June 6, 2012; August 15, 2012; and January 15, 2013, wherein Nancy B. Parker's stated travel purpose was to attend a conference, when in truth and in fact, the defendant knew Nancy B. Parker did not attend the conferences.

4. On August 8-11, 2012, the defendant and Nancy Parker travelled to Coronado Island, California and stayed at the Hotel del Coronado. When the defendant and Parker returned from their trip, they each signed and submitted a Travel Report to the FHLB-D, stating their travel purpose was to attend a Gartner Conference. The defendants knew that statement was false because they did not register for and did not attend a Gartner conference on those dates. As a result, the FHLB-D reimbursed them for expenses it would not have otherwise paid.

5. On May 21-25, 2011, the defendant and Nancy Parker travelled to Amelia Island Florida. When the defendant and Parker returned from their trip, they each signed and submitted a Travel Report to the FHLB-D, stating their travel purpose was to attend a CIO forum. The defendants knew that the statement was false because they did not attend the CIO forum on those dates. As a result, the FHLB-D reimbursed them for expenses it would not have otherwise paid.

6. The defendant further admits that on the following dates, he falsely reported his number of unused vacation hours: November 21, 2008; November 9, 2009; November 15, 2012.

7. The defendant further agrees that both he and Nancy B. Parker made an agreement to take personal trips and then submit travel and entertainment expense reports

to the FHLB-D stating a materially false purpose for the travel, including but not limited to, board site visits, strategic planning, and planning.

8.  The defendant agrees that he committed all the essential elements of the offense Conspiracy to Make a False Statement to a Federal Home Loan Bank. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 19th day of July, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Errin.Martin@usdoj.gov

LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Lindsey.Beran@usdoj.gov


*(signature)*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No.: 0193968
1100 Commerce Street - 3rd Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: Tiffany.Eggers@usdoj.gov

*(signature)*
TERENCE CARLYLE SMITH
Defendant

7/19/19
Date

*(signature)*
DANNY ASHBY
Attorney for Defendant

7-19-19
Date

*(signature)*
STEVE KOROTASH
Attorney for Defendant

7-19-19
Date