IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:17CR446-B |
| TERENCE CARLYLE SMITH (01) | |

## PLEA AGREEMENT

Terence Carlyle Smith, the defendant's attorneys, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to grand jury indictment;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to have the defendant's guilt proven beyond a reasonable doubt;

    e. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    f. against compelled self-incrimination

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 371 and 1006, that is, Conspiracy to Make False Statements to a Federal Home Loan Bank. The defendant understands the nature and elements of the

crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose include:

        a.    imprisonment for a period not to exceed five years;

        b.    a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s);

        c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

        f.    costs of incarceration and supervision; and

        g.    forfeiture of property.

    4.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Defendant's restitution and penalty agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which applies only to this Paragraph 5, the parties agree that the restitution and fines in this case should include the following: a $25,000 fine, a total of $780,279.11 in restitution, of which $167,625.58 will be jointly and severally ordered with defendant Nancy B. Parker, in the event she is either found guilty or pleads guilty. The parties further agree that the government will not seek forfeiture of property except in the event of a failure to pay. The defendant will receive a credit for any restitution payments he has already made to the Federal Home Loan Bank of Dallas. The defendant further agrees that as a part of the sentence he will pay $4,219,720.89 to the Federal Home Loan Bank of Dallas, which money will pay the attorneys' fees incurred by Federal Home Loan Bank of Dallas and its insurance carrier as a result of the indemnification agreement.

6. **Sentencing agreement**: With the exception of restitution and fine as detailed above, the parties agree that the sentence in this case is to be left fully to the discretion of the Court. Federal Rules of Criminal Procedure, Rule 11(c)(1)(C) applies only to Paragraph 5, Defendant's Restitution and Penalty agreement, and other than the

above agreed-upon terms, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

7. **Rejection of agreement**: Pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

8. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

9. **Defendant's agreement**: The defendant further agrees that the Federal Home Loan Bank of Dallas and/or its insurance carriers will not be required to pay any additional attorneys' fees, vendors' fees, investigative costs, court reporter fees, litigation costs, etc. that have not already been paid as of the date and time of the signing of this agreement. Further, the defendant agrees he will pay any outstanding amounts owed, including but not limited to any outstanding invoices, bills, etc., that are due and owing.[1] Additionally, the defendant agrees that any contracts or obligations that have been engaged in and/or initiated by his counsels' firm will not be shifted to the counsel representing Nancy Parker. The defendant further agrees that to the extent any

---

[1] This includes any amounts that have been invoiced but not yet paid. In other words, the bank and its insurance carrier are not required to pay any unpaid invoiced amounts.

obligations that are due and owing as a result of a joint defense agreement, regardless of which defense counsels' firm initiated the contract, the defendant will take full and complete responsibility for all obligations by paying said obligations/costs that are due as of the date of the signing of this plea agreement. These cost will not be shifted to defendant Parker for her counsel to seek reimbursement of those costs from the Federal Home Loan Bank of Dallas and/or its insurance carriers.

10. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property that may be subject to forfeiture pursuant to the plea of guilty. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit any forfeitable property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property. Notwithstanding the foregoing, the government agrees that it will not seek any of the remedies provided for in this paragraph unless or until the Defendant fails to make a payment of (1) $250,000 prior to the sentencing date as set by this Court; (2) 50% of the required payments within six months of the date of this agreement; (3) and the remainder of the total amount within 12 months of the date of this agreement.

11. **Defendant's Agreement with Respect to Financial Institutions:** The defendant further agrees that for a period of at least five years, he will not become an officer, director, or institution-affiliated party, as defined in 12 U.S.C. § 1813(u) (Federal Deposit Insurance Act, as amended) or 12 U.S.C. § 1786(r) (Federal Credit Union Act as amended), or participate in any manner in the conduct of the affairs of any institution or agency specified in 12 U.S.C. § 1818(e)(7)(A), without the prior written approval of the appropriate federal financial institution regulatory agency as defined in 12 U.S.C. § 1818(e)(7)(D). The defendant knows that a copy of this executed plea agreement, which is a public record, will be provided to the Federal Housing Finance Agency within forty-five days of the public filing of the plea agreement.

12. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Following sentencing in this case, the government will move to dismiss all remaining counts of the indictment filed in this case against this defendant and defendant alone. That is, such dismissal will have no impact upon the charges as they concern the co-defendants in the case. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

13. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

14. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

16.     **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

17.     **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or

representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 19th day of July, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Errin Martin*

ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Errin.Martin@usdoj.gov

*/s/ Lindsey Beran*

LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Lindsey.Beran@usdoj.gov

*/s/ Tiffany Eggers*

TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No.: 0193968
1100 Commerce Street - 3rd Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: Tiffany.Eggers@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*[signature]*     7/19/19
TERENCE CARLYLE SMITH     Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

*[signature]*
STEVE KORATASH     Date
Attorney for Defendant

*[signature]*     7-19-19
DANNY ASHBY     Date
Attorney for Defendant